

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re                                               Case No. 16-10389-RAM

LIZA HAZAN a/k/a
ELIZABETH HAZAN                                     Chapter 11

_____/

JMB/URBAN 900 DEVELOPMENT
PARTNERS, LTD
                                                    Adv. No. 16-ap-01188-RAM

    Plaintiff,

v.

LIZA HAZAN a/k/a
ELIZABETH HAZAN,

    Defendant.

_____/

### JMB URBAN DEVELOPMENT LTD'S MOTION TO REINSTATE ILLINOIS STATE COURT JUDGMENT PURSUANT TO 11 U.S.C. §349(B)

JMB/Urban 900 Development Partners, LTD ("JMB" or "Movant")), in accordance with 11 U.S.C. §349(b) respectfully moves to reinstate formally the Illinois State Court Final Order of Judgment it held as of the petition date (the "Motion"). In support of the Motion, Movant states:

**Jurisdiction, Venue and Statutory Predicate**

1.  This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157(b)(2).

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory predicates for the relief requested herein are 11 U.S.C. §§349(b) Rules 1017 of the Federal Rules of Bankruptcy Procedure.

**Background**

4. Liza Hazan a/k/a Elizabeth Hazan (the "Debtor") filed her Chapter 11 Petition over nine years ago, on January 11, 2016 (the "Petition Date"), the day before a Miami-Dade County Clerk foreclosure auction was to take place on her Fisher Island Property pursuant to NLG's $4,876,654.29 Final Judgment of Foreclosure.

5. At the time of the petition filing, the Debtor had several million dollars of delinquent and unpaid creditors in addition to NLG. By way of example the IRS was owed $444,733.17, [Claim 3-1], JMB Urban Development LTD ("JMB") was a judgment creditor owed $664,380.47, [Claim 4-2], the Valencia Estates Homeowners' Association was owed $195,072.14 [Claim 10-1] and the Fisher Island Community Association ("FICA") was owed over $500,000 but as a secured creditor FICA did not file a proof of claim.

### Confirmed Plan Payment Default to JMB Urban Development LTD

6. JMB timely filed a proof of claim for $664,380.47. [*See* Proof of Claim 4-2]. The Debtor failed to schedule JMB's judgment as a liability. As such, the Debtor's voluntary petition and schedules were fraudulent.

7. Thereafter JMB filed an adversary proceeding to determine the non-dischargeability of debt pursuant to 11 U.S.C. §§ 523(a)(2) and (6) and Federal Rule of Bankruptcy Procedure 4007 against Debtor/Defendant Liza Hazan *aka* Elizabeth Hazan. [*See JMB v. Hazan.* Case No. 16-ap-1188-AJC Doc. 1].

8. JMB brought the action to object to the dischargeability of debt owed by the Debtor to JMB under a final judgment entered by the Circuit Court of Cook County, Illinois, which forms the basis of JMB's proof of claim in this case. JMB alleged that the debt should not be discharged because it is subject to the "fraud" exceptions contained in 11 U.S.C. §§ 523(a)(2) and (6), for

money obtained by the Debtor by false pretenses, false representation, or actual fraud and while the Debtor was acting in a fiduciary capacity.

9. The adversary proceeding concluded with the entry of an Agreed Final Judgment entered on July 20, 2016, in the non-dischargeable amount of $275,000 along with provisions for a timely payment of said Judgment pursuant to the Confirmed Plan. [*See JMB v. Hazan.* Case No. 16-ap-1188-AJC Doc. 21].

10. Each party negotiated the key provisions provided for in the Agreed Final Judgment. JMB agreed to reduce the amount it was owed to $275,000, but now held a non-dischargeable judgment and would be timely paid in full by the Debtor on or before July 20, 2018, without further litigation or collection activity and expense.

11. JMB agreed to support and vote for Debtor's Plan of Reorganization so long as said Plan required payment to JMB in the amounts set forth in this Non-Dischargeability Judgment prior to the Second Anniversary Date (July 20, 2018), and would not treat JMB in a manner less favorable to other unsecured creditors under the plan with respect to its now agreed upon $275,000 unsecured nondischargeable claim. It provided that, while the Debtor may establish a convenience class of small claims to which it may pay 100 cents at confirmation--provided this class does not exceed $30,000 in the aggregate, the Debtor would not make any other cash payments to its other creditors unless JMB received a like percentage of cash on its $275,000 claim at the time of the distribution.

12. In reliance of the Agreed Final Judgment, JMB gave the debtor breathing room and time to confirm the Plan.

13. JMB dutifully voted for the Plan and with JMB's support the Plan was confirmed. Since then, it has patiently waited to be paid, but has received nothing.

14. At or just before the Confirmation Hearing on May 30, 2018, the Debtor paid Creditor Valencia Estates Homeowner's Association $74,101.63 of the $195,072.14 owed according to the Plan as Claim #10. [*See* Doc. 563. P11].

15. This payment equals 38% of what was owed to this Creditor and triggered an immediate of 38% payment to JMB or approximately $104,000 pursuant to the Agreed Final Judgment. However, the Debtor defaulted in making this 38% payment to JMB.

16. Pursuant to the terms of the Agreed Final Judgment, the Debtor was to satisfy the JMB judgment in full by July 20, 2018. Again, the Debtor defaulted on the confirmed plan payment to JMB due by July 20, 2018. Indeed, the Debtor's financial projections attached to her Fifth Amended Disclosure Statement, [Doc. 562-4], falsely showed a $275,000 payment to JBM in July 2018.

17. On July 20, 2018, just a month after confirmation, the Debtor failed to pay JMB the $275,000 called for in the Plan. [*See* Doc. 563. P.21]. This default put the Confirmed Plan in continuous default since then.

18. On August 15, 2018, S&S Collections, Inc., the collection arm of the Debtor's personal lawyer Michael Simon of Simon & Sigalos, filed a notice of Compliance Regarding Claim #13. [*See* Doc. 737]. The Notice read: "Undersigned counsel received the settlement funds and the settlement is paid in full." This payment in full to S&S triggered a full payment to JMB. The Debtor again failed to honor her agreement and failed to pay JMB.

19. The Debtor clearly deceived JMB into supporting the Plan and into accepting 41% of what it was owed when the Debtor was and is capable of paying JMB 100% of what is owed. As such JMB should be restored to its status as a state court judgment creditor in the principal

amount of $664,380.47 as of the petition date plus interest accruing at the Illinois judgment interest rate from the petition date to present.

## MEMORANDUM OF LAW

Upon dismissal by operation of law pursuant to 11 U.S.C. §349(b), this Court must formally reinstate JMB to its prepetition status as a state court judgment creditor.

11 U.S.C. § 349(b) provides that, "[u]nless the bankruptcy court, for cause, orders otherwise, the dismissal of a bankruptcy case:

(1) reinstates—

(A) any proceeding or custodianship superseded under section 543 of [the Bankruptcy Code];

(B) any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of [the Bankruptcy Code], or preserved under section 510(c)(2), 522(i)(2), or 551 of [the Bankruptcy Code]; and

(C) any lien voided under section 506(d) of [the Bankruptcy Code];

(2) vacates any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553 of [the Bankruptcy Code]; and

(3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case . . . ."

Thus, insofar as the dismissal of a bankruptcy case is concerned, the aim of § 349(b) is to return the parties, as far as practicable, to the financial positions they occupied before the case was filed. *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 979, 197 L. Ed. 2d 398 (2017) (noting that dismissal of a Chapter 11 case "aims to return to the prepetition financial status quo"); S. Rep. No. 95-989, at 49 (1978) ("The basic purpose of [§ 349(b)] is to undo the bankruptcy case, as far as

practicable, and to restore all property rights to the position in which they were found at the commencement of the case." (capitalization omitted)), *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5835; *see also HSBC Bank USA v. Blendheim (In re Blendheim)*, 803 F.3d 477, 487 (9th Cir. 2015) (noting that, upon dismissal of a Chapter 13 case, the "debtor loses any benefits promised in exchange for the successful completion of the plan—whether *in personam*, such as discharge, or *in rem*, such as lien voidance," and further asserting that, in effect, "dismissal returns to the creditor all the property rights he held at the commencement of the Chapter 13 proceeding and renders him free to exercise any nonbankruptcy collection remedies available to him"); 3 Collier on Bankruptcy ¶ 349.01[2], at 349-3 (Richard Levin & Henry J. Sommer eds., 16th ed. 2017). *First Nat'l Bank of Oneida, N.A. v. Brandt* 887 F.3d 1255 *; 2018 U.S. App. LEXIS 10372 **; 65 Bankr. Ct. Dec. 154; 27 Fla. L. Weekly Fed. C 840; 2018 WL 1918247.

## CONCLUSION

As a result of the dismissal and by operation of law under 11 U.S.C. §349(b), the Illinois State Court Judgment [Doc. 1 pp. 20-29] is reinstated as the debtor loses all the benefits of her confirmed plan on default and dismissal and the creditor is restored to its petition day status as an Illinois State Court Judgment Creditor.

**WHEREFORE**, for the foregoing reasons, the Court must formally reinstate JMB's Illinois State Court Judgment plus accrued interest to date and grant such other and further relief as the Court deems appropriate.

Respectfully Submitted,

| | |
|---|---|
| June 25, 2025 | *[signature]*<br>Christopher Kosachuk<br>*Pro Se Movant & Judgment Creditor as Assignee of JMB Urban 900 Development LTD*<br>854 Pheasant Run Rd.<br>West Chester, PA 19382-8144<br>(305) 490-5700<br>chriskosachuk@gmail.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of June 2025, a true and correct copy of the foregoing Motion was delivered to the Clerk of Court who will electronically file it with the Court's CM/ECF system, which will electronically serve a copy of the foregoing document on all parties of record.

Respectfully submitted,

Christopher Kosachuk
*Pro Se Movant & Judgment Creditor as Assignee of JMB Urban Development LTD*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

**Service List**

All parties of record