B2650 (Form 2650) (12/15)

# United States Bankruptcy Court

Southern District Of Florida

In re Liza Hazan a/k/a Elizabeth Hazan,
Debtor

Case No. 16-bk-10389-RAM

Chapter 11

JMB URBAN 900 DEVELOPMENT PARTNERS, LTD,
Plaintiff

v.

LIZA HAZAN A/K/A ELIZABETH HAZAN,
Defendant

Adv. Proc. No. 16-ap-1188-~~RAM~~ AJC

## CERTIFICATION OF JUDGMENT FOR REGISTRATION IN ANOTHER DISTRICT

I, clerk of the United States Bankruptcy Court, do certify that the attached judgment is a true and correct copy of the original judgment entered in this proceeding on __July 19, 2016__ as it appears in the records of this court, and that:
(date)

☒ No notice of appeal from this judgment has been filed, and no motion of the kind set forth in Federal Rule of Civil Procedure 60, as made applicable by Federal Rule of Bankruptcy Procedure 9024, has been filed.

☐ No notice of appeal from this judgment has been filed, and any motions of the kind set forth in Federal Rule of Civil Procedure 60, as made applicable by Federal Rule of Bankruptcy Procedure 9024, have been disposed of, the latest order disposing of such a motion having been entered on _____.
(date)

☐ An appeal was taken from this judgment, and the judgment was affirmed by mandate of the _____ issued on _____.
(name of court) (date)

☐ An appeal was taken from this judgment, and the appeal was dismissed by order entered on _____.
(date)

Dec 1, 2025
Date

Clerk of the Bankruptcy Court

By: _____
Deputy Clerk



ORDERED in the Southern District of Florida on July 19, 2016.

A. Jay Cristol, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| IN RE: | CASE NO.: 16-10389-AJC |
|---|---|
| LIZA HAZAN<br>*aka* ELIZABETH HAZAN<br><br>DEBTOR. | CHAPTER: 11 |
| JMB/URBAN 900 DEVELOPMENT PARTNERS, LTD.<br><br>    PLAINTIFF,<br><br>v.<br><br>LIZA HAZAN A/K/A ELIZABETH HAZAN,<br><br>    DEFENDANT. | ADV. PROC.: 16-01188-AJC |

## AGREED FINAL JUDGMENT



THIS MATTER came before the Court upon *Ex Parte* Motion to Approve Agreed Final Judgment by Debtor/Defendant, Liza Hazan a/k/a Elizabeth Hazan ("Hazan"), and Plaintiff JMB/Urban 900 Development Partners, Ltd., Plaintiff ("JMB"), and the Court, noting the agreement of the parties, finding that good and sufficient cause exists; and finding that

JMB and Hazan were engaged in pre-petition litigation which resulted in a Settlement Stipulation and thereafter the entry of Judgment against Hazan, in the Circuit Court of Cook County, Illinois County Department, Law Division, No. 05L 13785 (the "Pre-petition Judgment");

On January 11, 2016, Hazan filed a Petition for Relief under Chapter 11 United States Bankruptcy Code;

On April 18, 2016, JMB filed a Complaint Objecting to Dischargeability to Certain Debts of the Debtor Pursuant to 11 U.S.C. § 523(a)(2) and (6) (the "Dischargeability Matters"); alleging that the Pre-petition Judgment is not dischargeable under 11 U.S.C § 523(a)(2) and (6).

The parties have engaged in substantial negotiations and have agreed to resolve the Dischargeability Matters; and

The parties have agreed to the entry of a Final Judgment resolving the Dischargeability Matters and all issues related thereto on the terms set forth below,

ACCORDINGLY, it is Ordered and Adjudged as follows:

1. Judgment is hereby entered against Hazan in the amount of $275,000.00 ("The Non Dischargeability Judgment"). The Non Dischargeability Judgment shall be deemed non-dischargeable under 11 U.S.C. § 523(a)(2), for which execution shall issue subject to the following provisions:

   a. The Debtor shall have eighteen months from the date of the filing of the Petition for relief (the "First Anniversary Date") to pay $275,000.00 without interest. Thereafter

commencing with the First Anniversary Date, any then unpaid balance of The Non Dischargeability Judgment amount shall accrue interest at the rate of 2.5% above the then current federal judgment interest rate per annum.

b. JMB agrees to receive and credit The Non Dischargeability Judgment with all payments made to JMB, including all payments made under and pursuant to the Debtor's Plan of Reorganization, with payments credited first to payment of accrued interest, if any, and then to principal.

2. This Non Dischargeability Judgment shall be the surviving judgment against Hazan and shall be deemed to replace the Pre-petition Judgment, which shall no longer be valid or enforceable.

3. In the event that the Debtor has failed to pay and satisfy this Non Dischargeability Judgment within two years of the date of entry (the "Second Anniversary Date"), JMB may then and in that event proceed to execution of this Non Dischargeability Judgment.

4. In the event that a Plan is confirmed and the Debtor defaults in making payments to JMB and/or other creditors in connection with the payments required under the confirmed Plan, (a) the Debtor will still be entitled to pay and satisfy this Non Dischargeability Judgment before the Second Anniversary Date; and (b) JMB will refrain from exercising any rights that may be granted under the confirmed Plan to enforce the Plan, until after the Second Anniversary Date and does not treat JMB in a manner less favorable than other unsecured creditors.

5. JMB agrees to support and vote for Debtor's Plan of Reorganization so long as said Plan requires payment to JMB in the amounts set forth in this Non Dischargeability Judgment prior to the Second Anniversary Date, and does not treat JMB in a manner less favorable to other unsecured creditors under the plan with respect to its now agreed upon $275,000 unsecured nondischargeable claim. For an avoidance of doubt, while the Debtor may establish a convenience class of small claims to which it may pay 100 cents at confirmation-- provided this class does not exceed $30000 in the aggregate, the Debtor shall not make any other

3

cash payments to its other creditors unless JMB receives a like percentage of cash on its $275,000 claim at the time of the distribution .

6.      JMB and Hazan, for themselves, and as may be applicable, their directors, employees, agents and attorneys, and all of their respective successors, assigns, heirs and personal representatives ("Releasing Parties"), hereby release, waive, acquit, satisfy and discharge one another, of, from and against all claims, demands, actions, causes of action, entitlements, suits, debts, dues, sums of money, accounts, reckonings, covenants, contracts, controversies, agreements, promises, damages, judgments and executions, in law or in equity (collectively, "Claims"), which each ever had, now have, or which any Releasing Party, respectively, can, shall or may have, against any other Releasing Party, arising from any event, matter, cause or thing occurring, arising or accruing from the beginning of the world until the Effective Date, except, however, this release is not intended to have any affect upon the terms, conditions and obligations of Hazan as set forth in this Agreed Judgment. If and when Hazan makes the full and complete payments as required by this Agreed Judgment, this release shall be deemed unconditional.

7.      This Court shall retain jurisdiction as may be appropriate and necessary to interpret and enforce this stipulation.

s/s/: David J. Fischer, Esq.
Locke Lord LLP
Counsel for Plaintiff
Dated: 7/15/16

s/s/: Geoffrey S. Aaronson, Esq.
Aaronson Schantz Beiley P.A.
Counsel for Debtor
Dated: 7/15/16
s/s/:Joel M. Aresty, Esq.
Joel M. Aresty P.A
Counsel for Debtor
Dated: 7/15/16



Certified to be a true and correct copy of the original.
Joseph Falzone, Clerk
U.S. Bankruptcy Court
Southern District of Florida
By: _____
Deputy Clerk
Date: Dec 1, 2025



4

Elizabeth Hazan
Debtor
Dated: 07.14.16

