

**ORDERED in the Southern District of Florida on July 28, 2026.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:                                                    Case No. 16-10389-RAM

LIZA HAZAN a/k/a                                          Chapter 11
ELIZABETH HAZAN,

      Debtor.
_____/

JMB/URBAN 900 DEVELOPMENT
PARTNERS, LTD,

      Plaintiff,

v.                                                        Adv. Proc. No. 16-01188-RAM

LIZA HAZAN,

      Defendant.
_____/

**ORDER ON PLAINTIFF'S MOTION FOR**
**WRIT OF EXECUTION AND OTHER PENDING MATTERS**

The pending matters in this adversary proceeding are the latest chapter in a long-

running battle between Christopher Kosachuk and Liza Hazan, the defendant here and

1

debtor in the above-captioned, closed chapter 11 case.  The Court has previously denied Mr. Kosachuk's motions to reopen the chapter 11 case, both a motion filed by him individually and a motion filed by Mr. Kosachuk on behalf of the plaintiff in this adversary and creditor in the chapter 11 case, JMB/Urban Partners 900 Ltd. ("JMB").  Following confirmation of the Debtor's plan of reorganization and closure of the chapter 11 case, JMB assigned its claim in the chapter 11 case and the non-dischargeable judgment entered in this adversary to Mr. Kosachuk.  The pending matters all turn on the answer to the following question: Is the JMB judgment enforceable?

The Court is familiar with the "lengthy and tortuous history" of litigation between Mr. Kosachuk and the Debtor that has spread across multiple cases in multiple forums.  *See* Order Dismissing Appeal [DE# 1407 in the Main Case].  This is yet another attack by Mr. Kosachuk against the Debtor in this drawn-out, never-ending saga.  In this instance, Mr. Kosachuk prevails and, for the reasons that follow, the subject judgment remains enforceable.

### <u>Background Facts and Procedural History</u>

On July 20, 2016, the Court entered the Agreed Final Judgment [DE# 21] in favor of the Plaintiff, JMB and against the Debtor-Defendant, Liza Hazan (the "Debtor") in the amount of $275,000.  In the Agreed Final Judgment, the Debtor agreed, among other things, that the Agreed Final Judgment was non-dischargeable in the above-captioned chapter 11 case no. 16-10389-RAM (the "Main Case") pursuant to 11 U.S.C. § 523(a)(2).  The Court will discuss the Agreed Final Judgment in further detail, below.

On June 25, 2025, in the Main Case, Christopher Kosachuk filed the Transfer of Claim Other than for Security [DE# 1480 in the Main Case] wherein Mr. Kosachuk disclosed that he acquired Proof of Claim No. 4-2 filed by JMB against the Debtor.  That claim served

as the basis of this adversary proceeding and was reduced to the Agreed Final Judgment. As such, Mr. Kosachuk is now the owner of the Agreed Final Judgment.

This adversary proceeding was assigned to me on December 8, 2025.  At that time, the following matters were pending before the Court:

A.  JMB Urban Development [Partners,] LTD's Motion to Reinstate Illinois State Court Judgment Pursuant to 11 U.S.C. § 349(b) [DE# 28] (the "Motion to Reinstate") filed by JMB;

B.  The Motion for Writ of Execution [DE# 31] filed by JMB;

C.  The Motion for Postjudgment (sic) Writ of Garnishment [DE# 32] (the "Truist Bank Motion") filed by JMB;

D.  The Motion for Postjudgment (sic) Writ of Garnishment [DE# 33] (the "Regions Bank Motion") filed by JMB;

E.  The Motion for Postjudgment (sic) Writ of Garnishment [DE# 34] (the "TD Bank Motion") filed by JMB;

F.  Hazan's Motion to Strike ECF 30, ECF 31, ECF 32, ECF 33, and ECF 34 [DE# 35] (the "Motion to Strike") filed by the Debtor; and

G.  The Request for Judicial Notice Pursuant to Federal Rules of Evidence 201 [DE# 36] filed by the Debtor.

Thereafter, the parties filed the following documents:

H.  Hazan's Request for Judicial Notice Pursuant to Federal Rules of Evidence Rule 201 [DE# 45] (together with DE# 36, the "Debtor's Requests for Judicial Notice") filed by the Debtor;

I.  Notice of Filing and Request for Judicial Notice [DE# 44] ("JMB's Request for Judicial Notice") filed by JMB;

J.  Motion to Compel [DE# 52] filed by JMB;

K.  Motion to Strike Motion to Compel Doc 52 and Notice of Filing Doc 53 Hazan's Reply ECF50-51 and Motion for Sanctions [DE# 56] (the "Motion to Strike JMB's Motion to Compel") filed by the Debtor; and

L.  Motion to Set Status Conference [DE# 60] filed by JMB.

3

By separate Order, the Court denied JMB's Motion to Reinstate. *See* DE# 38. Later, JMB withdrew the Truist Bank Motion, the Regions Bank Motion, and the TD Bank Motion. *See* DE#'s 47, 48, and 49. And in its Response in Opposition to the Motion to Strike [DE# 50], JMB states that "Mr. Kosachuk has recorded the certification [of the Agreed Final Judgment] in the District Court [for the Southern District of Florida] under case number 26-[cv]-20112-JAL (the "District Court Case") and the District Court has already and correctly issued the writs of garnishments to various bank which is why Mr. Kosachuk withdrew the pending writs of garnishment with this Court." DE# 50 at pg. 2. Therefore, the Debtor's Motion to Strike is moot to the extent that it requests the Court to strike the Certification of Judgment for Registration in Another District [DE# 30] (the "Bankruptcy Clerk's Certification") and the now-withdrawn Truist Bank Motion, the Regions Bank Motion, and the TD Bank Motion.

Accordingly, the only matters that remain pending are JMB's Motion for Writ of Execution [DE# 31], the Debtor's request in the Motion to Strike [DE# 35] to strike the Motion for Writ of Execution, the Debtor's Requests for Judicial Notice [DE#'s 36 and 45], JMB's Request for Judicial Notice [DE# 44], JMB's Motion to Compel [DE# 52], the Debtor's Motion to Strike JMB's Motion to Compel [DE# 56], and JMB's Motion to Set Status Conference [DE# 60].[1]

As stated in the introduction to this Order, the overarching issue is the enforceability of the Agreed Final Judgment. The Agreed Final Judgment provides, in relevant part, as follows: "This Non Dischargeability Judgment shall be the surviving judgment against [the

---

[1] In addition to the papers previously listed in this Order, the Court has also reviewed: (i) JMB Urban 900 Development Ltd's Response in Opposition to the Motion to Strike [DE# 42]; (ii) JMB Urban 900 Development Ltd's Objections to Hazan Request for Judicial Notice [DE# 43]; (iii) JMB's Response in Opposition to Motion to Strike [DE# 50]; (iv) JMB's Response in Opposition to Request for Judicial Notice [DE# 51].

Debtor] and shall be deemed to replace the Pre-petition Judgment, which shall no longer be valid or enforceable." DE# 21 at ¶ 2.  The "Pre-petition Judgment" referred to in the Agreed Final Judgment is a state court judgment, dated October 14, 2011 and modified on October 23, 2013, in favor of JMB and against the Debtor in the amount of $300,000 plus attorneys' fees and pre- and post-judgment interest, entered by the Circuit Court of Cook County, Illinois in Case No. 2005-L-13785 (the "Illinois Judgment").  In the Main Case, JMB filed proof of claim no. 4-2 in the amount of $664,380.47, representing the amount of the Illinois Judgment plus awarded attorneys' fees and pre- and post-judgment interest.  Copies of JMB's proof of claim and the Illinois Judgment are attached as Exhibits A and B, respectively, to the Complaint of JMB/Urban 900 Development Partners, Ltd. Objecting to Dischargeability of Certain Debts of the Debtor Pursuant to 11 U.S.C. §§ 523(a)(2) and (6) [DE# 1] (the "Complaint").  In settlement of the Complaint, the Court entered the Agreed Final Judgment in the amount of $275,000, which, as mentioned, the Debtor agreed would be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2).

The Agreed Final Judgment further provides, in relevant part:

- The Debtor shall have eighteen months from the date of the filing of the Petition for relief [i.e., January 11, 2016] (the "First Anniversary Date") to pay $275,000.00 without interest. Thereafter commencing with the First Anniversary Date, any then unpaid balance of The Non Dischargeability Judgment amount shall accrue interest at the rate of 2.5% above the then current federal judgment interest rate per annum.  DE# 21 at ¶ 1(a).

- In the event that the Debtor has failed to pay and satisfy this Non Dischargeability Judgment within two years of the date of entry (the "Second Anniversary Date"), JMB may then and in that event proceed to execution on this Non Dischargeability Judgment.  DE# 21 at ¶ 3.

- JMB agrees to receive and credit The Non Dischargeability Judgment with all payments made to JMB, including all payments made under and pursuant to the Debtor's Plan of Reorganization, with payments credited first to payment of accrued interest, if any, and then to principal.  DE# 21 at ¶ 1(b).

5

- *In the event that a Plan is confirmed and the Debtor defaults in making payments to JMB* and/or other creditors in connection with the payments required under the confirmed Plan, (a) the Debtor will still be entitled to pay and satisfy this Non Dischargeability Judgment before the Second Anniversary Date; and (b) *JMB will refrain from exercising any rights that may be granted under the confirmed Plan to enforce the Plan, until after the Second Anniversary Date*[.]  DE# 21 at ¶ 4 (emphasis added).

- JMB agrees to support and vote for Debtor's Plan of Reorganization so long as said Plan requires payment to JMB in the amounts set forth in this Non Dischargeability Judgment prior to the Second Anniversary Date, and does not treat JMB in a manner less favorable to other unsecured creditors under the plan with respect to its now agreed upon $275,000 unsecured nondischargeable claim.  DE# 21 at ¶ 5.

The Debtor filed her petition for relief on January 11, 2016, so the "First Anniversary Date" was July 11, 2017.  The Agreed Final Judgment was entered on July 20, 2016, so the "Second Anniversary Date" occurred on July 20, 2018.  Thus, relevant to the matters pending before the Court, the Agreed Final Judgment provides that (a) JMB agrees to receive and credit all payments received under a confirmed plan against the Agreed Final Judgment; (b) JMB agrees not to execute on the Agreed Final Judgment until after July 20, 2018, assuming the Agreed Final Judgment has not been fully satisfied by that date; (c) JMB agrees to support confirmation of the Debtor's plan as long as the plan incorporates the Agreed Final Judgment and does not discriminate unfairly against it; and (d) JMB agrees that, if the Debtor defaults on its payments to JMB under the confirmed plan, it will not exercise any rights it has under the confirmed plan until after July 20, 2018.

On June 12, 2018, just 38 days prior to the Second Anniversary Date, the Court confirmed the Debtor's fourth amended plan.  *See* DE# 563 in the Main Case (the "Plan") and DE# 691 in the Main Case (the "Confirmation Order").  The Agreed Final Judgment is treated in class 13 of the Plan, which provides:

> Claim # 4 in the amount of $664,380.47.  Claim # 4 will be paid 41% of the amount or 275,000.00 per settlement before the second anniversary of the entry of the agreed final judgment on or before July 20, 2018 in favor of JMB in case **Adversary proceedings 16-01188-AJC.  Adversary proceeding case closed on 7/22/16 and <u>Case settled 16-01188-AJC</u>. DOC 21 Case 16-01188-AJC Order approving agreed final Judgment in favor of JMB entered on July 20, 2016.**
>
> **<u>CLAIM SETTLED</u>**

Plan at pg. 21 (emphasis in original).  Neither the Plan nor the Confirmation Order include any default remedies or enforcement provisions.

Mr. Kosachuk, through a separate entity called NLG, LLC ("NLG"), appealed the Confirmation Order.  On April 20, 2022, District Court Judge Darrin P. Gayles dismissed NLG's appeal.  *See* DE# 1089 in the Main Case.  The chapter 7 trustee of NLG's bankruptcy estate appealed Judge Gayles' dismissal order to the Eleventh Circuit, *see* DE# 1145 in the Main Case, which was then voluntarily dismissed on August 22, 2022.  *See* DE# 1318 in the Main case.

Even though the Confirmation Order did not become final until well after the Second Anniversary Date, JMB's position, now through Mr. Kosachuk, is that "[n]o payments have been made and the full balance is due on the unsatisfied and unstayed JMB Judgment." DE# 31 at ¶ 4.  The Debtor does not dispute the fact that she has not paid any portion of the amounts owed under the Agreed Final Judgment.

Previously, Mr. Kosachuk, through JMB, filed a motion in the Main Case to reopen the Main Case, dismiss the Main Case, and restore creditors to their pre-petition status, arguing that the Debtor had defaulted on the Plan.  On July 8, 2025, the Court entered the Order Denying Motion to Reopen and to Dismiss Case [DE# 1484 in the Main Case] (the

"July 8th Order").[2]  In the July 8th Order, the Court denied Mr. Kosachuk's motion without prejudice to JMB seeking to enforce its rights in a non-bankruptcy forum.   The Court explained that, "[d]enying the Motion does not eliminate Mr. Kosachuk's right to enforce the Transferred [JMB] Claim.   Like any binding contract, Mr. Kosachuk, through JMB, can enforce his rights under the Debtor's confirmed plan in a non-bankruptcy forum through a simply claim for breach of contract."  July 8th Order at pg. 2.[3]

Several months later, in December 2025, Mr. Kosachuk filed the Motion for Writ of Execution of the Agreed Final Judgment.   Shortly thereafter, on January 8, 2026, Mr. Kosachuk, through JMB, commenced the District Court action, seeking enforcement of the Agreed Final Judgment.

The Court has reviewed the docket in the District Court Case commenced by Mr. Kosachuk on January 8, 2026.   In the District Court Case, Mr. Kosachuk registered the Agreed Final Judgment as a foreign judgment using the Bankruptcy Clerk's Certification of the Agreed Final Judgment.   *See* DE# 1 in the District Court Case.   Mr. Kosachuk filed motions for writ of garnishment regarding certain financial institutions [DE#'s 13, 14, 20, and 21 in the District Court Case], the Deputy Clerk of the District Court issued writs of

---

[2] JMB and Mr. Kosachuk appealed the July 8th Order.  *See* DE# 1490 in the Main Case.  On September 17, 2025, Chief U.S. District Court Judge Cecilia Altonaga entered an Order dismissing the appeal for lack of jurisdiction.  *See* DE# 1503 in the Main Case.  Thereafter, JMB and Mr. Kosachuk appealed Chief Judge Altonaga's dismissal order to the U.S. Court of Appeals for the Eleventh Circuit, Case No. 25-13692-JJ.  *See* DE# 1504 in the Main Case.  As of the entry of this Order, the July 8th Order remains on appeal before the Eleventh Circuit.

[3] At the time of entry of the July 8th Order, I was unaware of JMB's Agreed Final Judgment.  In his motion to reopen the Main Case, Mr. Kosachuk just referenced the acquisition of JMB's claim in the Main Case and the Debtor's alleged default under the Plan.  Mr. Kosachuk did not state that the JMB claim had been resolved by entry of the Agreed Final Judgment and, because I was not the presiding judge when the Agreed Final Judgment was entered, I had no knowledge of the Agreed Final Judgment's existence.  The Court's reference in the July 8th Order to Mr. Kosachuk enforcing JMB's claim in a non-bankruptcy forum was not intended to preclude Mr. Kosachuk from enforcing the Agreed Final Judgment, which I had no knowledge of when I entered the July 8th Order.  Therefore, the July 8th Order does not bar Mr. Kosachuk from pursuing his current efforts to enforce the Agreed Final Judgment.

garnishment [DE#'s 15, 16, 26, and 27 in the District Court Case], and the financial institutions have all filed answers to the writs of garnishment [DE#'s 25, 31, 33, and 41 in the District Court Case].  The Debtor filed a motion to strike the Agreed Final Judgment and a supplement thereto addressing the garnishment motions and writs [DE#'s 17 and 29 in the District Court Case].  On January 28, 2026, the District Court held a hearing on the Debtor's motion to strike, including the supplement thereto, and took the matter under advisement.

On February 23, 2026, Magistrate Judge Marty Fulgueira Elfenbein entered the Order, a copy of which is filed at DE# 58 in this Adversary Proceeding (the "District Court Order").  In finding the District Court Case related to the Debtor's main bankruptcy case and this adversary proceeding, and acknowledging the similar matters pending before this Court, the District Court ruled:

> The enforceability of that judgment, and whether it survives the confirmed Chapter 11 plan as an independently executable instrument, turns entirely on events and rulings in the Bankruptcy Court.  A ruling by this Court permitting or barring collection on that judgment could alter Hazan's liabilities and freedom of action, and would directly impact the Bankruptcy Court's ongoing administration of the overlapping enforcement and plan-effect disputes it is already actively managing.

District Court Order at pg. 6.  The District Court further ruled:

> Although this action is 'related to' *In re Hazan* and the Adversary Proceeding, the [District] Court declines to transfer or refer it to the Bankruptcy Court.   The referral mechanism under 28 U.S.C. § 157(a) and Local Rule 87.2 exists to channel bankruptcy-related disputes to the court best positioned to resolve them.  That purpose is not served where, as here, the party seeking transfer simultaneously argues in the Bankruptcy Court that it is powerless to provide the very collection relief at issue here.  Indeed, the Court takes judicial notice that, in the Adversary Proceeding before the Bankruptcy Court, Hazan contends that the [Agreed Final] Judgment is unenforceable, that collection cannot proceed in the bankruptcy forum, and that Kosachuk must start over with a new breach-of-contract action in state court; yet, before this Court, she simultaneously argues that the Bankruptcy Court is the proper forum.  Further underscoring the forum-shopping concern, Hazan removed Kosachuk's separate state court action against her — filed in response to the Bankruptcy

Court's directive that Kosachuk pursue his claims in a non-bankruptcy forum — to this Court in Case No. 25-CV-23860-EIS, thereby ensuring that even the very forum the Bankruptcy Court directed Kosachuk to use was pulled into federal court at Hazan's initiative.  See Removal Action, Case No. 25-CV-23860-EIS, ECF No. [1].  In short, until five days ago when the Removal Action was dismissed, the same two litigants (Hazan and Kosachuk) were fighting about overlapping debt collection issues in three different forums — the Bankruptcy Court, the Removal Action pending before Judge Sanchez, and this action.

A transfer under these circumstances to the Bankruptcy Court would not channel this dispute to a single coherent forum — it would effectively ensure that no court has authority to adjudicate Kosachuk's collection efforts. The Court will not facilitate that outcome.

District Court order at pgs. 6-7 (internal citations and footnote omitted).  Finally, the District Court stayed the District Court Case pending this Court's rulings on the matters pending before it, finding:

[T]he Bankruptcy Court is the court best positioned to resolve the threshold questions on which this case turns. Whether the confirmed plan superseded the [Agreed Final] Judgment, whether it remains independently enforceable, and whether collection efforts based on it are procedurally proper are all questions that arise directly from the Bankruptcy Court's own prior orders and the structure of the confirmed plan.

District Court Order at pg. 8.

## Discussion

In the Motion to Strike, the Debtor argues that the Agreed Final Judgment is not independently enforceable because (i) the Agreed Final Judgment was incorporated into the Plan and, therefore, is superseded by the rights granted to JMB in the Plan and JMB is bound by the Plan and the Confirmation Order under section 1141(a); (ii) the July 8th Order limits JMB's rights to enforce the Plan through a breach of contract claim filed in another forum; (iii) enforcement of the Agreed Final Judgment in this Adversary Proceeding and permitting JMB to file a breach of contract claim in another forum court would allow for an impermissible double-recovery; and (iv) JMB is time-barred from enforcing the Agreed Final

Judgment because it waited more than five years to collect, citing Fla. Stat. § 95.11(2)(a), *Balfour Beatty Bahamas, Ltd. v. Bush*, 170 F.3d 1048 (11th Cir. 1999), and *Kilby v. Ilgen (In re Kilby)*, 196 B.R. 627, 629-30 (Bankr. M.D. Fla. 1996).

The Debtor's first, second, and third arguments fail for several reasons. As described above, the Debtor agreed that the Agreed Final Judgment is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2). While the Agreed Final Judgment provided that the Debtor may incorporate the terms of the Agreed Final Judgment into the Plan in exchange for JMB supporting confirmation of the Plan and crediting all payments received under the Plan against the Agreed Final Judgment, the fact that the Agreed Final Judgment is non-dischargeable and, therefore, remains independently enforceable beyond confirmation of the Plan is not in question. The Agreed Final Judgment expressly provides that JMB agrees not to execute on the Agreed Final Judgment until the Second Anniversary Date (*i.e.*, July 20, 2018) if the Debtor does not fully satisfy the Agreed Final Judgment by that date.

It is undisputed that the Debtor has not made any payments on the Agreed Final Judgment and that the balance of the Agreed Final Judgment, plus interest, remains outstanding. It is also undisputed that neither the Plan nor the Confirmation Order provides for any default remedies or enforcement provisions. Because the Second Anniversary Date has passed and the Agreed Final Judgment remains due and owing, JMB is entitled to proceed to execution of the Agreed Final Judgment. And while the July 8th Order does state that Mr. Kosachuk must enforce the Plan through a breach of contract claim filed in another forum, the Court, as acknowledged above, was unaware of the existence of the Agreed Final Judgment and its terms at the time of entering the July 8th Order. Therefore, while Mr. Kosachuk remains entitled to enforce the terms of the Plan in another forum, he

also, as the now-owner of the Agreed Final Judgment, is entitled to enforce and execute on the Agreed Final Judgment.

This is consistent with a prior ruling made by late-Bankruptcy Judge A.J. Cristol, who was the primary judge presiding over the Main Case and this Adversary Proceeding and the judge who signed the Agreed Final Judgment, in the Court's Order Granting Motion to Reopen Case to Approve Final Report, and Enter Discharge of Reorganized Debtor [DE# 766] (the "Discharge Order"). In the Discharge Order, Judge Cristol overruled NLG's objection to the entry of discharge because the Agreed Final Judgment had not been satisfied. Judge Cristol explained:

> JMB is not affected by the relief sought and has not objected to the Debtor receiving a general discharge. Pursuant to the settlement of the [A]dversary [P]roceeding, [citing the Agreed Final Judgment], the Reorganized Debtor and JMB agreed that JMB has a non-dischargeable judgment of $275,000.00. Thus, after receiving its pro rata share of distributions under the Plan, JMB may continue to pursue payment of its claim outside the Plan. . . . JMB . . . may pursue the remaining amounts of [its] respective non-dischargeable debt[] outside the Plan. Because the entry of a discharge [of the claims of the unsecured creditors who were paid in full under the Plan] will not affect JMB . . ., the Court sees no reason to withhold the discharge when the Debtor has otherwise established entitlement to same.

Discharge Order at pgs. 8-9.

Regarding the Debtor's argument that enforcement of the Agreed Final Judgment in this Adversary Proceeding and permitting JMB to file a breach of contract claim in another forum court would allow for an impermissible double-recovery, neither JMB nor Mr. Kosachuk argue that such double-recovery would be permissible. It is not. And this argument is not a valid basis to deny the Motion for Writ of Execution.

Finally, the Debtor's last argument, that the Agreed Final Judgment is time-barred under Fla. Stat. § 95.11(2)(a), is without merit. That statue sets a five-year statute of limitations for any action, other than for the recovery of real property, on a judgment of any

court.  See Fla. Stat. § 95.11(2)(a).  The Debtor cites *Bush*, 170 F.3d 1048, and *Kilby*, 196 B.R. at 629-30, which, at first glance, appear to support the Debtor's argument.  However, the Eleventh Circuit has subsequently ruled in *Salinas v. Ramsey*, 881 F.3d 876 (11th Cir. 2018) that, in response to a certified question from the Eleventh Circuit to the Florida Supreme Court, the Florida Supreme Court clarified that "[u]nder Florida law, post-judgment discovery for the purpose of collecting a federal money judgment issued by a federal court in Florida 'is permitted for a period of twenty years from the date the judgment was entered.'" *Salinas*, 881 F.3d at 876 (citing *Salinas v. Ramsey*, 234 So. 3d 569 (Fla. 2018)).  The Florida Supreme Court also explained that "post-judgment discovery is not an 'action,' and section 95.11 does not establish when it must begin."  *Id*. (citing *Salinas*, 234 So. 3d at 573.  The Eleventh Circuit further stated in a footnote that "[b]ecause the Florida Supreme Court's decision undermines our interpretation of Florida law in *Balfour*, it is no longer binding in this Circuit."  *Id*. at 877 n. 2.  Thus, the Court rejects Debtor's argument that enforcement of the Agreed Final Judgment is time-barred.

## Conclusion

For the reasons discussed above, the Court finds that the Agreed Final Judgment is enforceable.  The open question is whether further proceedings to enforce the Agreed Final Judgment, including issuance of a Writ of Execution, should be conducted here in the bankruptcy court or in the District Court Case.  In the District Court Order, Magistrate Judge Elfenbein denied JMB's Motion for Writ of Execution filed in the District Court Case "without prejudice and subject to renewal, if appropriate, after the Bankruptcy Court has ruled on the pending matters in the Adversary Proceeding."  District Court Order at ¶ 4.  Therefore, in deference to the United States District Court, this Court will defer action

in this Court on execution of the Agreed Final Judgment pending a further Order in the District Court Case.   Accordingly, the Court **ORDERS** as follows:

1.      The Agreed Final Judgment is enforceable and JMB is entitled to execute on the Agreed Final Judgment.  However, the Court reserves ruling on JMB's Motion for Writ of Execution [DE# 31] pending a determination in the District Court Case on whether execution on the Agreed Final Judgment should proceed in this Court or in the District Court Case where the Agreed Final Judgment has been registered.

2.      For the same reasons described in the Conclusion and in paragraph 1 above, the Court reserves ruling on JMB's Motion to Compel [DE# 52].

3.      The Debtor's Motion to Strike JMB's Motion to Compel [DE# 56] is denied.

4.       The Motion to Strike [DE# 35] is denied.

5.      The Motion to Set Status Conference [DE# 60] is denied as moot.

6.      The Debtor's Requests for Judicial Notice [DE#'s 36 and 45] and JMB's Request for Judicial Notice [DE# 44] are denied as unnecessary.

###

Copies to:

Joel M. Aresty, Esq.

**CLERK TO SERVE:**

Christopher Kosachuk, as Assignee of the Plaintiff
854 Pheasant Run Rd.
West Chester, PA 19382-8144